UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY ROBISON, an individual, <br> RUSSELL AUSTIN, a representative <br> of the ESTATE OF MARY AUSTIN <br><br> Plaintiffs, <br><br> v. <br><br> AMCAL WOOD RANCH FUND XXXVII, a <br> California Limited Partnership; <br> AMCAL MULTI-HOUSING, INC., <br> General Partner of AMCAL WOOD <br> RANCH FUND XXXVII, Limited <br> Partnership; JOHN STEWART <br> COMPANY; SHARON BROWN <br><br> Defendants. | CV 07-4862 SVW (JCx) <br><br> ORDER GRANTING DEFENDANTS' <br> MOTION FOR SUMMARY JUDGMENT IN <br> PART [34] |

On September 23, 2008, the Court ordered Defendants to file a Motion for Summary Judgment addressing Plaintiff's claim for retaliation under the Fair Housing Amendments Act ("FHAA"). The facts of this case were fully explicated in the September 23 Order, and they have not changed. Plaintiffs have not submitted any additional evidence in connection with this Motion. Thus, for the reasons that follow, the Court hereby GRANTS Defendants' Motion for Summary Judgment on this claim.

1    Plaintiffs assert that Defendants have violated § 3617 of the FHAA
2 for engaging in retaliatory actions against Plaintiffs.  Section 3617
3 states that "[I]t shall be unlawful to coerce, intimidate, threaten, or
4 interfere with any person in the exercise or enjoyment of, or on
5 account of his having exercised or enjoyed, or on account of his having
6 aided or encouraged any other person in the exercise or enjoyment of,
7 any right granted or protected" by the FHAA.  42 U.S.C. § 3617.
8    The Ninth Circuit has applied a burden-shifting analysis to
9 retaliation claims under the FHAA.  See Walker, 272 F.3d at 1128
10 (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973)).
11 First, the plaintiff must make a prima facie showing that (1) the
12 plaintiff was engaged in a protected activity and that the defendants
13 were aware of this activity, (2) defendants took adverse action against
14 the plaintiffs, and (3) a causal connection exists between the
15 protected activity and the adverse action.  Id.; see also Brown v. City
16 of Tucson, 336 F.3d 1181, 1192 (9th Cir. 2003); DuBois, 453 F.3d at
17 1180.  If the plaintiffs are able to state a prima facie claim, the
18 burden shifts to the defendants to articulate a legitimate non-
19 retaliatory reason for their actions.  Walker, 272 F.3d at 1128.  If
20 the defendants articulate such a reason, the plaintiff bears the
21 ultimate burden of demonstrating that the reason was merely a pretext
22 for a retaliatory motive.  Id.
23    Plaintiffs assert that their actions of complaining to the
24 management about parking issues and the overnight guest policy was a
25 protected activity.  (Opp'n, at 22.)  Protected activities include
26 filing a lawsuit or aiding and encouraging others in the exercise of
27 their fair housing rights.  See Walker, 272 F.3d at 1128 (noting that
28

2

1  the plaintiffs had engaged in protected activity by meeting with
2  tenants, referring them to an attorney, issuing a press release, and
3  conducting a press conference in conjunction with the filing of the
4  lawsuit); San Pedro Hotel Co., Inc. v. City of Los Angeles, 159 F.3d
5  470, 477 (9th Cir. 1998) (stating that protected activity could include
6  when the plaintiffs attempted to sell their property to be used as a
7  home for the mentally ill or when they told a reporter that they would
8  sue the city to force approval of a loan).  Indeed, a request for a
9  reasonable accommodation can be a protected activity.  See
10 Shellenberger v. Summit Bancorp, Inc., 318 F.3d 183, 187 (3d Cir.
11 2003); Selenke v. Medical Imaging of Colo., 248 F.3d 1249, 1265 (10th
12 Cir. 2001).

13      Plaintiffs have provided evidence of multiple adverse actions
14 including ticketing the caretakers' cars and threatened Mary Austin
15 with eviction because of unauthorized residents in her unit.  (Opp'n,
16 at 21.)  Plaintiffs also allege that in late April, Defendants
17 redesignated as a fire lane a parking spot that caretakers had used
18 when visiting Mary Austin.

19      Plaintiffs also argue that there was a sufficient causal
20 connection between the complaints to management and the adverse
21 actions.  Temporal proximity between protected activity and the adverse
22 action can by itself establish the requisite causal connection.  See
23 Bell v. Clackamas County, 341 F.3d 858, 865 (9th Cir. 2003); Reg'l
24 Econ. Cmty. Action Program, Inc. v. City of Middletown, 294 F.3d 35, 54
25 (2d Cir. 2002) (stating that the causal connection needed for proof of
26 a retaliation claim can be established indirectly by showing that the
27 protected activity was closely followed in time by the adverse action).
28

In the employment discrimination context, the Ninth Circuit has held that the timing of adverse actions can provide sufficient evidence of retaliation, particularly when the period of time did not extend beyond a few months. See, e.g., Yartzoff v. Thomas, 809 F.2d 1371 (9th Cir. 1987). Here, Plaintiffs spoke to the housing manager about Mary Austin's condition and her need for 24-hour assistance in late March, and just a few days later, Defendants allegedly painted over a parking spot that Plaintiffs had previously used. On May 1, Mr. Wheeler contacted Defendants to discuss the guest parking and overnight guest situation and soon thereafter, Defendants ticketed cars and threatened Mary Austin with eviction. The relatively close timing of the events is sufficient for Plaintiffs to establish causation.

    Since Plaintiffs are able to make out a prima facie case, the burden shifts to Defendants to demonstrate a legitimate non-retaliatory reason for their actions. Defendants have presented such a legitimate explanation because all allegedly adverse actions were taken in response to Plaintiffs' violation of Mary Austin's lease agreement or other established Sorrento Villas policies. See Walker, 272 F.3d at 1130 (finding that breach of contract was a legitimate non-retaliatory reason). It is undisputed that the lease prohibited residents from having guests stay in the apartment for more than 14 nights per year. (Brown Decl., at 3.) Moreover, Sorrento Villas had a parking policy, which required visitors to get a parking pass and to park in designated parking spaces. (Id. at 3-4.) With regard to the fire lane, Defendants painted the sign for purposes of safety and fire regulations. (Opp'n, at 4.) These are legitimate, non-retaliatory reasons for Defendants' actions.

Plaintiffs' retaliation claim fails, however, because they have provided no evidence that Defendants' proffered reason for their actions was merely a pretext for a retaliatory motive.  Plaintiffs provide no direct evidence that Defendants took the actions in retaliation for Plaintiffs' efforts to assert their legal rights.  See Bergene v. Salt River Project Agric. Improvement & Power Dist., 272 F.3d 1136, 1142 (9th Cir. 2001) ("Only a small amount of direct evidence is necessary in order to create a genuine issue of fact as to pretext.")  Plaintiffs' retaliation claim rests on circumstantial evidence of the temporal proximity between certain conversations and the allegedly retaliatory actions.  However, in the Ninth Circuit, "[c]ircumstantial evidence of pretext must be specific and substantial in order to survive summary judgment." Brown v. City of Tucson, 336 F.3d 1181, 1188 (9th Cir. 2003).  On the record before the Court, Plaintiffs have not met their burden of presenting evidence that the reason for the adverse actions was anything other than to enforce the Sorrento Villas' policies.

Not every denial of a request for a reasonable accommodation states a claim for retaliation.  Addressing a similar situation, the Second Circuit stated: "[U]nder [the plaintiffs'] theory, every allegedly discriminatory denial of housing under § 3604(a) would also constitute a violation of § 3617 in that the denial 'interfered' with the prospective tenant's Fair Housing Act rights.  Declining to believe that Congress ever intended such a statutory overlap, we believe that the plaintiffs' sole remedy in this case existed in their § 3604(a) cause of action." Frazier v. Rominger, 27 F.3d 828, 834 (2d Cir. 1994).  Similarly, here, while Plaintiffs have made out a reasonable

1  accommodation claim, they have not presented evidence that the stated
2  reasons for the adverse actions were simply a pretext for an
3  impermissible motive.
4       Thus, Defendants' Motion for Summary Judgment on this claim is
5  GRANTED.  On January 6, 2009, at 9:00 am, the Court will hold a trial
6  on Plaintiffs' claim that Defendants failed to provide a reasonable
7  accommodations in violation of 42 U.S.C. § 3604(f).  The pretrial
8  conference is set for January 5, 2009, at 3:30 pm.  As mentioned in the
9  Court's earlier order, all state law claims will be bifurcated until
10 the federal claims have been resolved.

          IT SO ORDERED.

     DATED:      October 22, 2008                    _____
                                                     STEPHEN V. WILSON
                                                     UNITED STATES DISTRICT JUDGE

6